Good morning. Illinois Appellate Court, First District Court is now in session. The Third Division, the Honorable Justice Margaret McBride presiding, case number 2-0-0541, U.S. Bank National Association v. Popovich. Good morning, everyone. My name is Margaret McBride, and I will be presiding over this oral argument with Justices David Ellis and Eileen O'Neill Burke. We're proceeding via Zoom due to the COVID crisis. Each of the attorneys, if you haven't been with us before on a Zoom, will have about 10 minutes to present oral argument, and the appellant may save out some time for rebuttal. The case has already been called. What I'd like the attorneys to do now, oh, and I also would remind you that after you have done your 10-minute uninterrupted presentation, then the justices will have an opportunity to ask you questions. So we're going to let you go through your argument entirely, then we'll ask some questions, and then appellant will have some time for rebuttal. So before we proceed, would both the attorneys who are present and ready to argue please state your names for the record and indicate who you are appearing for. Certainly. Adam Goodman, G-O-O-D-M-A-N, for the appellant, Ms. Liubov Popovich. Good morning, Mr. Goodman. Good morning, Your Honor. Todd Gale, and I represent the Applee U.S. Bank. Good morning, Mr. Gale. All right. So you've got the color of the river there behind you, Mr. Gale. A little late, but I guess we'll call it the color of spring, green. So good morning to both of you. With that introduction, Mr. Goodman, you may proceed with your argument. Thank you, Your Honor. A meaningful opportunity to be heard has to be balanced. The appellant is not contending that there is an inherent right to oral argument. After all, in this court, not all cases are heard, perhaps considerably less than half of all cases have oral argument. But when oral argument is afforded, it has to be afforded to both sides. A meaningful opportunity to be heard has to be balanced. We would respectfully suggest that that principle is inherent in the procedural due process case law that was developed in this country in the 1950s, 1960s, and 1970s by what's typically referred to as the Warren Court and then the early Berger Court. And we rely in our briefs upon cases such as Armstrong v. Monzo from 1965 and Fuentes v. Shevin from 1972. If your adversary is given an opportunity to present oral argument or to answer the court's questions and you are not given the opportunity to present oral argument or answer the court's questions, you have not been given a meaningful opportunity to be heard. And certainly this court would not count in such a procedure internal to itself, right? Both sides or all sides in a case involving more than two sides would be given the same opportunities, the same 10 minutes, the same opportunity to answer the court's questions, and so forth. And that's not what happened here. I don't think there's any dispute based upon the record below that the bank received a number of extensions of time. And typically, of course, borrowers do not complain when the bank seeks an extension of time. The borrower is typically in possession of the property, right? The bank received a number of extensions of time. The extension of time in dispute here, the fourth extension of time, was obtained by a fill-in-the-blank order that was captioned agreed, even though Mr. Kirby's affidavit indicates that he did not agree to it and did not know anything about it. And there's nothing in the record indicating that a copy of that order, once the court or the judge's clerk or the bank's lawyer or someone filled in the blank with the new date and time, was ever sent to Mr. Kirby. And therefore, on the date and time appointed for the oral argument based upon that order, Mr. Kirby, as Ms. Popovich's attorney, did not appear, was not given an opportunity to answer the trial court's questions, was not given an opportunity to present argument. Had this merely been hypothetical, it would still, I would respectfully suggest, warrant reversal, but it would not be as compelling as it is here, where there was a good reason for Mr. Kirby to show up and present oral argument, which was that U.S. Bank attached a new affidavit and new documents to its reply briefs, right? That's a unusual, risky, disfavored course of action because it risks having the trial judge take his or her arm and say, I'm not, I'm not going to entertain that, that should have been in your opening brief. It risks having the trial judge be persuaded that it constitutes fair reply nonetheless, but then allow the appellant to file a surreply, which gives, not the appellant, you know, the responding party below. In this case, it would have been that one. Allow the party objecting to or opposing the motion to file a surreply, which gives that that party a significant strategic advantage. So, litigants are strategically, typically unwilling to do that. U.S. Bank felt it needed to do that, and Ms. Popovich was deprived of any opportunity to respond to that because her lawyer didn't know about the argument. And turning to the merits of that issue, the acceleration notice, in this case, there's no dispute about this, was sent by U.S. Bank to an address 2600 West Grand Street in Chicago, and that claim was made for the first time in the reply brief. That acceleration notice was attached to the reply brief, and U.S. Bank put in an affidavit from from one of its employees or an servicer, stating that it had been told, its business record suggested, that it told someone over the phone, or I suppose perhaps in writing, that she was was at 2600 West Grand. Ms. Popovich had no opportunity to dispute that, right? So, there's several reasons why that suggested summary judgment was inappropriate. First is that it's not clear that the facts are, in fact, truly undisputed, because the defendant did not have an opportunity to dispute that. She came up for the first time in the reply brief, and she was not afforded the opportunity to answer the trial court's questions and make this argument to the trial court. Second, perhaps it's unfairly new. The trial judge could have been persuaded, had there been oral argument, had Ms. Popovich been represented at that hearing. Perhaps the trial judge could have been persuaded that U.S. Bank should have put that document in its opening motion for summary judgment and should have put that affidavit in its opening motion for summary judgment. After all, while there's some dispute back and forth in the briefs about whether this was adequately developed, whether this was fully developed, there is no dispute that Ms. Popovich pled the absence of an acceleration notice in her answer. So, U.S. Bank knew that this was something that Ms. Popovich was likely to try develop in opposition to summary judgment. Perhaps this material should have been in the opening brief. But even if the trial court rejected that argument, even if the trial court felt it was fair reply, Ms. Popovich was still entitled to the opportunity to make that argument. Having been deprived that opportunity, she was not given a meaningful opportunity to be heard. I will see the balance of my time, unless the court has any questions that it wants to ask me now, as opposed to after the appellee has finished presenting his initial. All right. Mr. Goodman, you have some time left for rebuttal, but we will ask you questions now directly. So, with that, Justice Burke, do you have questions for Mr. Goodman? No, I don't. All right. How about you, Justice Ellis? Thank you. Good morning, Mr. Goodman. Just very briefly, our review of a grant of summary judgment is de novo, right? Correct. And so, what we typically say in that situation is we review the judgment, not the reasons for the judgment. We can affirm the judgment because we agree with what the judge did for the reasons the judge gave, or we could say the judge's reasons were wrong, but there's alternative reasons for affirmance. We don't typically... It's for a court if we can see a transcript of an oral argument. It's nice for the court if the judge writes out a full basis for its ruling. We'd always prefer to have that, but we don't have to have it. And so, regardless of whether there was or was not meaningful oral argument, don't we still have a sufficient record to review this? I mean, why does the absence of oral argument rise to a reversible error here? Well, I understand Your Honor's point, but the problem with it is that Ms. Popovich didn't have the opportunity to supplement the record that might be available to you or to suggest to the trial court that she needed to supplement the record that might be available to you. For example, if Ms. Popovich disputed that she lived at, or could be found at, that mail, in other words, that mail notice to her at 2600 West Grand, her acceleration rights was adequate, if she disputed that, in other words, if her position was that that fact was not, in fact, undisputed, she had no opportunity to do that. She had no opportunity to tell the trial court that she disputed that. She had no opportunity to put paper in the record that disputed that. She had no opportunity to follow up, but of course, there wouldn't have been a court reporter, at least at her instigation, at a hearing that she didn't know about and didn't participate in. But she would have no opportunity to, I guess, try and get U.S. banks' lawyers to prepare a bystander's report of what, in fact, did happen at that hearing. So while under normal circumstances, this court could be given the tools that would enable it, even in the absence of a transcript, to fully analyze the record, fully analyze whether both sides were that in several different respects. Thank you very much. That's all I have. All right. I have a couple of questions for Mr. Goodman. Mr. Goodman, you just said that the, that your client did not have an opportunity to supplement the proceedings, and yet the attorney filed a motion to vacate. Isn't that correct? That's correct. Mr. Gerby, I, you know, I've handled, both sides are being represented on appeal by different lawyers who handle the case below. Mr. Gerby did file a motion to vacate, and the centerpiece of his motion to vacate was his affidavit, where he said he didn't get the, didn't get the notice. And both sides are... There was no hearing, you didn't supply a hearing for this, did you? The motion to vacate, not in the record, the hearing. Oh, there, there is no transcript, and there is no bystander's report about what happened at the, at the motion to vacate, other than its denial as contained in the written note. And also, there was a motion to reconsider the denial of the motion to vacate, was there not? It's not entirely clear to me. I mean, you know, your Honor is doing the same thing I'm doing, reading the paper record. But Mr. Gerby was suspended from practice, and I've not had an opportunity to discuss with him what actually happened. But it's not entirely clear to me that there were two hearings as opposed to one, but yes, there was a written request for reconsideration. Okay, but you're either a transcript of those proceedings, or a bystander's report, or an agreed statement of facts, did you? I did not do any of those things, no. No one else did on behalf of my client. Okay, so I kind of disagree with your suggestion that Ms. Popovich never had an opportunity to dispute any of the matters before the court. Also, didn't the trial court indicate that oral argument on summary judgments were at the pleasure of the trial court, isn't that correct? That statement is contained in the blank form that's used to fill out briefing schedules. As a matter of practice, I can state, given that I regularly appear before both this and the judges who sit in the Chancery Division's mortgage foreclosure section at the moment, that if either side, both sides are asked, typically by both this judge and all of his colleagues, whether they want to add anything to the briefs, or whether they have anything additional to say, and the judges often have questions. And in this particular instance, where there's indisputably new material, new factual material in the reply brief, I don't think there's any doubt that any lawyer would have sought to respond to that, or to file a written reply, or to otherwise address that at the return. Well, I guess that follows into my next question. The court in this particular case, when it was brought to the court's attention that a response to the summary judgment, the original summary judgment order, had not been filed, the court not only vacated the summary judgment order, it vacated the sale. Isn't that true? That this judge absolutely allowed that once it was informed that a motion, that a response to the summary judgment had never been filed by one of her four attorneys. Right. At some point prior to this briefing, that's correct. It was vacated, and then it was briefed, and then it was decided anew. That's true. All right. Now, your opposing counsel is not going to concede that this notice of the hearing was never, that the attorney, not you, but the last attorney she had, your opponent is not going to agree with you that he never received notice of the date for the hearing, is he? He doesn't concede that. Well, he doesn't explicitly concede it, but Mr. Gervey prepared an affidavit under penalty of law that he attached as an exhibit to his motion, where he says he never got it, and nobody has pointed to any certificate of service, cover letter from the court, cover letter from U.S. Bank lawyers, anything like that. Whose burden is that? Oh, it's definitely our burden, and we've more than met it by offering a sworn affidavit. The burden would then shift to them to respond. How have you met your burden that a party has an obligation to follow? Forget about the attorney. What is your obligation to follow his or her case? Well, that's true if, for example, a long period of time went by and a case was dismissed for want of prosecution, but that's not what happened here. What happened here is intentional. I'm not saying it was intentionally inappropriate, but it was intentional volitional act on the part of U.S. Bank's then attorneys to submit what they labeled an agreed order with a continuance date, and it was not truly agreed according to Mr. Gervey's affidavit, but even if it was, there's still an obligation on the part of a litigant and on the part of lawyers seeking to postpone or reschedule something for their own professional needs or their own convenience to make sure that the person or persons adversely affected by that are notified of the new date, and nobody's ever pointed to any sort of transmittal, any sort of cover letter, certificate of service, fax stripe, acknowledgement in an email, anything indicating that Mr. Gervey received this from U.S. Bank's lawyers or that he received it from what was then Ms. Brown's office or that he received it from the trial judge's chambers, and therefore, while in an ideal world, Mr. Gervey's office would have caught this on its own, in the real world, even if one assiduously follows one's own case, how often do you have to monitor something? Do you have to monitor it daily, weekly? Always. Always is the answer. Anyway. Well, that may be truly abstract, Your Honor, but one still has to log on to a database and find information, and in my experience, unfortunately, even before coronavirus, there was sometimes a lengthy lag between, you know, I have cases that I've handled last week where I haven't received the order back yet. That is, of course, contaminated, you know, the clerk of the circuit court's office does not instantaneously update things. That is, for better or worse, not as efficient as, for example, the federal pacer system where typically it is the same day, for better or worse. All right. Thank you, Mr. Goodman. Justices Burke or Ellis, do you have any questions based on any of those? No. All right. Mr. Gale, you may proceed. Thank you, Your Honor. It may please the court. At the end of the day, the appellant presents two issues on appeal, neither of which are sufficient to reverse the judgment below. First, appellant alleges that due process was violated because counsel was not present at a court hearing, and second, appellant alleges that summary judgment was improper because there is an alleged factual dispute about whether or not a notice of acceleration was sent. I'm going to talk first about the due process issues, and then I'll move over to the issues about the notice of acceleration. As conceded by counsel during his argument, there's no constitutional right to oral argument. That's very clear under Illinois law. That's the Parkway Bank case that we discuss in our case. It's a privilege, not a right, in civil litigation to get oral argument, and the Parkway Bank case was specifically cited in orders from the court, including the order initially setting the summary judgment hearing in this case. There are a number of cases that were cited by the appellant on constitutional due process issues. Those are very clearly distinguishable here. By and large, all of those cases dealt with situations that were ex parte in nature. The Fuentes case from the United States is one of the most prevalent cases in Pennsylvania and Florida where property could be seized before the property owner even had notice that a court hearing was pending. In the Grindell v. Wyeth Labs case, also very factually distinguishable and brought up in the reply brief of the appellant, there was a four and a half month hearing that was specific to then after taking five years to decide after that four month evidentiary hearing, the judge decided not only fraudulent concealment tolling, but also whether or not the discovery rule should toll the statute of limitations. Here, there was a summary judgment motion that was filed and fully briefed by both parties on all issues in the case. To give the suggestion that somehow the appellant here, plaintiff or defendant below, did not have an opportunity to be heard is belied by the facts of the case. There was a very full opportunity for the appellant to appear and present arguments. I agree with the tenor of many of the questions, all of the questions frankly, that were presented by Justice Burke to appellant's counsel. There were four different lawyers here that represented the plaintiff over the course of this three year plus litigation. There was a fully briefed summary judgment motion. There was an opposition that was filed by appellant's counsel, defendant below, and the appellant's counsel, Mr. Gervey, even said in the affidavit that he filed together with in connection with his motion to vacate, that the motion had been fully briefed. And then when the court ruled on the fully briefed summary judgment motion, the court hand wrote in himself that he decided it on the merits. He said that he waited a half an hour for counsel to appear and when they didn't, he decided it on the merits. There is nothing in the record that establishes that there was actually an oral argument that was held on that day, on the day of the summary judgment argument. Typically when only one side shows up for an argument, the court decides it on the papers. But there is nothing in the record that would establish that there was actually an argument that day and that anything was actually missed. And pursuant to the Fouch versus O'Brien case, Illinois Supreme Court case in 1984 that we cite in our briefs, it is the duty of the appellant to make sure that the appellant, that the record on appeal is complete. And if there is something absent, that falls on the appellant. Here, summary judgment was entered in August of 2019 and then afterwards the appellant filed a motion to vacate, which was denied. Filed a motion to reconsider, which was denied. Again, and as pointed out by Justice Burke, there are no transcripts of those hearings. We have no idea what might have been said or not said. We don't know if there was any argument heard or if argument went on for quite some time. Those are things we do not know because there is nothing in the record. I'm going to move now from due process and talk about the record below. The appellant judicially admitted to receiving all notices that were necessary. This is because the plaintiff below, Applee, my client, filed a form complaint in foreclosure as permitted by 735 A ILCS 5 slash 1504 A. And 1504 C9 makes clear that when that form complaint is used, it is deemed and construed to allege that all notices of default were duly and properly given. And we know from Illinois Supreme Court rule 133 C that the defendant in that situation needs to specifically allege facts to rebut the condition, the satisfaction of the condition precedent, which is deemed and construed to be admitted otherwise. In this case, in the answer, what the defendant below, Appellant Keir, did was generally deny all of the deemed and construed allegations. That is not enough. We know that not only from Illinois Supreme Court rule 133 C, we know that also very plainly from the Bank of New York versus Wojcik case from this district in 2019. It makes very clear that rule 133 C and what it requires is not aspirational. These things are not suggestions. They have the force of law. Because of the answer that was given below by the Appellant Keir, the defendant below, it was deemed admitted, judicially admitted, that all notices were properly sent and given. For that reason, and this goes somewhat to what Justice Ellis was asking about during his questionings, looking at this record de novo, this court need not even get to what was raised or not raised in any reply brief at summary judgment from my client. Because it was already judicially admitted that those notices were properly given. The time for the defendant below, the Appellant Keir, to have raised that happened years before, in violation of rule 133 C and the teaching of the Wojcik case, that did not happen. It was judicially admitted. I have other points that I could make, but I prefer, if the court doesn't mind, to just respond to your questions at this time. Yes. Thank you. All right. Justice Burke, questions? No questions. Thank you. Justice Ellis? I don't think I have anything either. Thank you. I don't have any other questions. Thank you, Mr. Gale. Mr. Goodman? Thank you. You may have two minutes for your rebuttal. Two minutes. Thank you. Counsel began by saying that the case law dealing with procedural due process, both the U.S. Supreme Court case law and the Illinois Supreme Court and Appellate Court case law, involved ex parte action. Of course, it's Ms. Popovich's position, and I think it's correct on the present record, that this, what happened below, was a form of ex parte action. U.S. Bank got the hearing date ex parte. They wrote on the order, agreed order, but it was not, in fact, agreed, and no one ensured that Ms. Popovich received notice of that order. Therefore, and as counsel pointed out, that the judge apparently waited half an hour. No one was there for Ms. Popovich because she didn't know about it. Less than a minute left. Sure. Counsel says it doesn't matter, it's not clear that oral argument was actually held. It doesn't matter whether oral argument was actually held. U.S. Bank had the opportunity to make oral argument, and should I stop or? No, continue your argument. U.S. Bank had the opportunity to make oral argument, and Ms. Popovich did not. Counsel then concludes by saying that there's judicial admissions based upon the form of complaint. That's not entirely clear. There's two reasons why that's not entirely clear, as pointed out in the briefs. The first is, what facts are missing here? If someone denies receiving a notice, by definition they didn't receive it, and they're not privy to facts about, for example, when it was sent, when they didn't receive it. It's somewhere between tautologous and nonsensical to say that not enough facts provided about a denial that an acceleration notice was received. Second, of course, is that U.S. Bank opened this up by arguing it. Even if perhaps had U.S. Bank not argued for the first time in its reply brief, that Ms. Popovich told them that she could receive notices at 2600 West Grand and so forth, then perhaps Ms. Popovich would be judicially stopped or would be deemed to have judicially admitted this. But given the fact that U.S. Bank argued this at length and went to the risky step of offering new evidence and a new affidavit in its reply brief, Ms. Popovich should have been given the opportunity to respond. Those new arguments work. If there is judicial admission, those new arguments work to partial or complete waiver of that judicial admission. Thank you, Mr. Goodman. All right. Any further questions based on the rebuttal, Justice Burke? No. Justice Ellis? I don't think so. Thank you. All right. And I have no further questions. Thank you both, counsel. We will take this matter under advisement and issue an opinion or order in due course. So, thank you.